*H. B. Staples*, (*F. P. Goulding* with him,) for the defendant, argued that the complaint was defective in omitting to aver, as in the form given in the St. of 1869, *c.* 415, § 66, that the defendant was not authorized to sell the intoxicating liquor for any purpose under the provisions of the statute; and that this defect was not cured by the use of the term " unlawfully," but was fatal.

*C. Allen*, Attorney General, for the Commonwealth, cited the St. of 1864, *c.* 250, § 2.

BY THE COURT.　The objection was taken too late.

*Exceptions overruled.*

════

COMMONWEALTH *vs.* MARY F. GRIFFIN.

In a complaint on the St. of 1869, *c.* 415, § 32, for making an unlawful sale of intoxicating liquor, a description of the person to whom the sale was made as " a certain person whose name is not known by the complainant," is sufficiently precise and formal in the use of the preposition " by " instead of " to " in averring the complainant's want of knowledge.

COMPLAINT on the St. of 1869, *c.* 415, § 32, to the police court of Milford, for an unlawful sale of intoxicating liquor by the defendant " to a certain person whose name is not known by the complainant."

In the superior court, on appeal, before the jury were empanelled, *Dewey*, J., overruled a motion of the defendant for the dismissal of the complaint as insufficient in law. The defendant was tried and found guilty, and alleged exceptions.

*H. B. Staples*, (*F. P. Goulding* with him,) for the defendant. It is not sufficient in the complaint to aver a sale to a person whose name is not known by the complainant. The word " to " instead of " by," has always been used in indictments to indicate the relation mentioned. 1 Bishop Crim. Proc. *c.* 19, vi. *Commonwealth* v. *Knapp*, 10 Pick. 477, 478. *Commonwealth* v. *Sherman*, 13 Allen, 248. This averment is traversable, and if the name or person was known to the jurors or the complainant, the defendant is entitled to an acquittal. *Commonwealth* v. *Stoddard*, 9 Allen, 280. *Commonwealth* v. *Blood*,

4 Gray, 31. It follows that it must be made in formal and unambiguous language. Declaration of Rights, art. 12. The word "by" in this connection does not satisfy the requirement. Its sense after the words "know" and "known" is ambiguous, as it often denotes medium or instrumentality, and might be interchanged with "through" or "by means of." "We shall know by this fellow." Hamlet, act iii. scene 2. "For I know nothing by myself." 1 Corinthians, *c.* iv. *v.* 4. "A man is known by the company he keeps;" and in the Latin, *noscitur a sociis.* This sense would naturally be suggested in the use of the word in this complaint, as it was the office of the complainant to be the medium of information to the court in respect to the offence complained of.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The allegation that a person is not known by the complainant has the same signification as the allegation that he is not known to him.            *Exceptions overruled.*

COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Zephaniah Spurr & another, claimants.

The municipal court of the city of Worcester is a police court, within the meaning of the St. of 1869, *c.* 415, § 44.

In a motion to quash proceedings on a criminal complaint, an allegation that the complaint is "fatally defective" is not such a specific assignment of the objections relied on, for formal defects apparent on its face, as is required by the St. of 1864, *c.* 250, § 2.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to the municipal court of the city of Worcester, for a warrant of search for certain intoxicating liquors, alleged to be kept for unlawful sale, in that city, by Zephaniah Spurr and Albert Williams. On the warrant, the liquors were seized; and Spurr and Williams were summoned as claimants. They appeared accordingly in the superior court; and before the jury were empanelled they filed a motion to quash the proceedings, "because, they say, the complaint, warrant, judgment of the municipal court, order of notice, notice and ser-